JOSEPH C. RUST (2835)
KESLER & RUST
2000 Beneficial Life Tower
36 South State Street
Salt Lake City, Utah 84111
Telephone: (801) 532-8000
Attorneys for Plaintiffs

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

---

| | |
|---|---|
| HOST AMERICA CORPORATION, a Colorado corporation; and GLOBALNET ENERGY INVESTORS, INC., a Texas corporation, | **VERIFIED COMPLAINT** |
| Plaintiffs, | Judge Dee Benson<br>DECK TYPE: Civil<br>DATE STAMP: 09/17/2004 @ 14:51:26<br>CASE NUMBER: 2:04CV00879 DB |
| vs | |
| COASTLINE FINANCIAL, INC., a Arizona corporation, | **JURY DEMANDED** |
| Defendant. | |

---

Plaintiffs, Host America Corporation and GlobalNet, by and through its counsel of record,

Kesler & Rust, herewith file this Complaint, and complain of Defendant Coastline Financial, Inc.,

and for cause of action alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1.    Plaintiff Host America Corporation ("Host America") is a foreign corporation with

its offices and principal place of business in the State of Colorado.

2.    Plaintiff GlobalNet is a foreign corporation with its offices and principal place of

business in the State of Texas, and is a corporate subsidiary of Host America.

3.    Defendant Coastline Financial, Inc. ("Coastline") is a foreign corporation with its offices and principal place of business in the State of Arizona.

4.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) in that the matter in controversy: (1) exceeds the sum or value of $75,000.00; and (2) there is complete diversity between the parties inasmuch as the parties are residents of different states.

5.    Venue is proper in this Court by reason of 28 U.S.C. § 1391(a)(2) because a substantial part of the events giving rise to the claim occurred in the District of Utah, and the property that is the subject of the action is situated in the District of Utah.

**GENERAL ALLEGATIONS**

6.    Plaintiffs are in the business of buying and selling electronic equipment.

7.    K.W.M. Electronics ("KWM") is a Utah company that manufactures electronic components and equipment.  At the time of the events in question, KWM conducted its manufacturing operations at commercial leasehold premises that it leased from Defendant Coastline.

8.    Coastline is in the business of buying and selling electronic equipment similar to that sold by Plaintiffs, and is a direct competitor with Plaintiffs as to certain products and lines of products.

9.    In early February 2004, Plaintiffs entered into an agreement with KWM whereby KWM would manufacture certain electronic goods ("Goods") on behalf of Plaintiff Host America and which ultimately were to be delivered to Host America's subsidiary, Plaintiff GlobalNet. The

2

Goods are more particularly described on Exhibit "A" attached hereto.

10.    The Goods to be manufactured by KWM were speciality goods, not ordinarily retained by KWM in inventory. As such, KWM required payment in full for the Goods prior to commencing manufacturing of the same.

11.    In February, 2004, Host America arranged for the sum of $250,000.00 to be paid to KWM for manufacture of the Goods, which sum represented payment in full for the Goods, whereupon KWM commenced manufacture of the Goods.

12.    By September 2004, KWM had completed manufacture of the Goods, had segregated them for delivery to GlobalNet at its Texas operations site, and had placed and secured the Goods onto pallets for pick up and delivery by Plaintiffs' carrier. See attached affidavit of Charlie Stevenson.

13.    By the terms of KWM's and Host America agreement, title to the Goods passed from KWM to Plaintiffs at such time as the Goods had been manufactured. See affidavit of Charlie Stevenson.

14.    On or about September 2, 2004, as the Goods were awaiting pickup by Plaintiffs' carrier for delivery to GlobalNet, Coastline evicted KWM from its leasehold premises, claiming an unpaid amounts of $69,000 for deferred rent, $46,000 for rent payable for August and September, 2004 (although the eviction took place the second business day of September), $5,514.48 for what Coastline called "applicable taxes," and attorney fees.

3

15.    Coastline is now claiming a lien on KWM's goods and assets in the leasehold premises in the foregoing amounts.

16.    As part of the eviction process, Coastline entered the leasehold premises and changed the locks on the premises, thereby locking the Goods inside the premises before they could be picked up, and rendering them inaccessible to either Plaintiffs or the Plaintiffs' carrier.

17.    Since the date of the eviction, Coastline has refused to allow the Goods to be removed by or delivered to Plaintiffs even though title had passed to Plaintiffs well before the date of eviction and do not belong to KWM.

18.    Upon information and best belief, Coastline is taking occasion to analyze the Goods, their components and mode of speciality manufacture in order to reverse engineer or incorporate such speciality manufacturing into Coastline's own competing products.

19.    After taking control of the Goods, Coastline began making vague allegations of technology infringement by the Goods of products and technologies allegedly belonging to Coastline.

20.    Plaintiffs then had a careful review made of such allegations and have determined there is no merit to any such claims.

21.    The Goods are specialty items which are depreciating daily and are intended for timely delivery to Plaintiffs' customers and for timely use in such customer's products.

## FIRST CAUSE OF ACTION
### (Replevin)

22.    Plaintiffs incorporate the allegations of ¶¶ 1-21 as if alleged verbatim herein.

23.     At the time Coastline took possession and asserted control over the Goods, title to the same had already previously vested in Plaintiffs, Plaintiffs were the rightful and legal owners of the same, and Plaintiffs were entitled to immediate possession or delivery of the same.

24.     Coastline continues to retain wrongful possession of the Goods at the present time, and has refused to release or make available the same to Plaintiffs, the Goods' rightful owners, despite repeated requests by Plaintiffs on Coastline to deliver or make the Goods available to Plaintiffs.

25.     Plaintiffs know of no valid reason why Coastline should continue to retain wrongful possession of the Goods, other than to obtain an unfair competitive advantage over Plaintiffs by either misappropriating Plaintiffs' confidential and proprietary trade secret information as represented by the specialty nature of the Goods or disrupting or destroying Plaintiffs' business relationship with certain of its key customers.

26.     The Goods cannot be detained for payment of any tax, assessment or fine pursuant to statute, nor can they be seized pursuant to attachment, repossession or lien of real property inasmuch as title to the Goods had passed to Plaintiffs prior to the time of Coastline's eviction of KWM from the leasehold premises.

27.     The retail value of the Goods is in an amount no less than $250,000.

28.     The lien claims of Coastline are no greater than $150,000.

29.     Plaintiffs face the following irreparable harm if they are unable to immediately replevy the Goods and use them for their intended use:

5

(a)    the Goods will depreciate to the point that Plaintiffs will lose most if not all of their investment outlaid in manufacturing the Goods, together with lost profits from being unable to sell obsolete goods;

(b)    Plaintiffs will not be able to meet timing and delivery commitments to customers depending on timely delivery of the Goods, and further delay in delivering the contracted-for speciality Goods will result in the loss of one of Plaintiffs' significant customers; and

(c)    Coastline will be able to determine and illegally profit from Plaintiffs' proprietary and trade secret information by unfairly using such information, to which Coastline otherwise would not have access but for its unauthorized seizure and illegal retention of the Goods, and thereby engage in unfair competition with Plaintiffs.

30.    Plaintiffs are entitled to an order of this Court requiring immediate surrender of the Goods by Coastline and delivery of the same to Plaintiffs.

### SECOND CAUSE OF ACTION
(Injunctive Relief - Misappropriation of Trade Secret Information)

31.    Plaintiffs incorporate the allegations of ¶¶ 1-30 as if alleged verbatim herein.

32.    The Goods incorporate processes, components and/or designs that are proprietary and confidential to Plaintiffs, and which confer a competitive advantage on Plaintiffs in marketing and selling such goods in the marketplace.

33.    Coastline has and continues to wrongfully retain possession of the Goods in order to analyze the Goods, their components and mode of speciality manufacture in order to reverse

engineer or incorporate such speciality manufacturing into Coastline's own competing products, and thereby misappropriate Plaintiffs' proprietary trade secret information and/or negate Plaintiffs' competitive advantage in the marketplace.

34.    Plaintiffs are entitled to an immediate order from the Court temporarily and permanently removing the Goods from their current location under Coastline's control, restoring the Goods to Plaintiffs for appropriate shipment to Plaintiffs' facilities, and enjoining Coastline from using the proprietary information represented in the Goods in any fashion either for Coastline's profit or competitive advantage or for Plaintiffs' competitive disadvantage.

35.    Because Coastline has wrongfully kept the Goods from Plaintiffs despite being apprised of Plaintiffs' ownership as well as the harm that will accrue to Plaintiffs' relationship to key customers due to inability to make timely deliveries as otherwise promised, and because Coastline has done so in both bad faith and in order to illegally access Plaintiffs' confidential and proprietary trade secret information and/or damage Plaintiffs' key customer relationships, Plaintiffs are entitled to:

(a)    general and consequential damages against Coastline, in an amount to be determined at the trial of this matter, but in no event less than $250,000.00; and

(b)    punitive damages against Coastline, in an amount to be determined at the trial of this matter, but in no event less than $500,000.00.

### THIRD CAUSE OF ACTION
(Interference with Business Relations)

36.    Plaintiffs incorporate the allegations of ¶¶ 1-35 as if alleged verbatim herein.

7

37.     At the time that Plaintiffs had arranged to pick up and have delivered the manufactured Goods for which Plaintiffs had paid in full, Plaintiffs had arranged for sale and/or delivery of the same to several customers, particularly to a key customer with whom Plaintiffs had an established business relationship and course of commercial dealing.

38.     Inability to fulfill the scheduled sale and/or delivery of the Goods to Plaintiffs' customers will result in the frustration of not only the contemplated transactions, but also may result in the loss of its customers' future repeat business, particularly as has been indicated by Plaintiff's key customer.

39.     Coastline improperly and intentionally interfered with Plaintiffs' existing and prospective business relations with Plaintiffs' customers at such time as it refused to deliver the Goods to Plaintiffs or allow them to repossess the same while at the same time knowing of Plaintiffs' legal title to the same and Plaintiffs' preexisting commitment to timely sell or deliver the same to its customers.

40.     Coastline's intentional and improper interference with Plaintiffs' existing and prospective business relations with Plaintiffs and its customers is the direct and proximate result of both actual and prospective damages to Plaintiffs, in an amount to be proved at the trial of this matter, but in no event less than $250,000.00.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Host America Corporation and GlobalNet pray for judgment against Defendant Coastline Financial, Inc. as follows:

1.      As to the First and Second Causes of Action, for an immediate order of the Court requiring immediate surrender of the Goods by Defendant Coastline Financial, Inc. and delivery of the same to Plaintiffs.

2.      As to the Second Cause of Action, for an immediate order from the Court temporarily and permanently enjoining Coastline from using the proprietary information represented in the Goods in any fashion either for Coastline's profit or competitive advantage or for Plaintiffs' competitive disadvantage, together with general and consequential damages against Coastline, in an amount to be determined at the trial of this matter, but in no event less than $250,000.00, and punitive damages against Coastline, in an amount to be determined at the trial of this matter, but in no event less than $500,000.00;

3.      As to the Third Cause of Action, for an award of general and consequential damages against Coastline, in an amount to be proved at the trial of this matter, but in no event less than $250,000.00;

4.      For attorneys fees and costs based on Defendant's willful refusal to deliver the Goods rightfully belonging to Plaintiffs and for which Plaintiffs held legal title; and

5.      For such further relief as the Court may deem proper.

## REQUEST FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs herewith request a trial by jury of the cause of action and all issues alleged above.

DATED this _17_ day of September, 2004.

KESLER & RUST

Joseph C. Rust
Attorneys for Plaintiffs

10

**VERIFICATION**

STATE OF CONNECTICUT          )
                                            :s
COUNTY OF *New Haven*          )

      **GEOFFREY RAMSEY,** being first duly sworn, deposes and states that he is the Chief Executive Officer of Host America, that he has read the foregoing Complaint, and the same is true of his own knowledge.

                             Geoffrey Ramsey

      SUBSCRIBED AND SWORN before me this *17th* day of September, 2004.

                    NOTARY PUBLIC
                    Residing at *78 Melrose Avenue*
                           *Hamden, CT 06518*

My Commission Expires:

_____

**Debra D. Ramsey**
**Notary Public**
My Commission Expires 12/31/2004

Plaintiff's Address:
Host America Corporation
2 Broadway
Hamden, CT 06518-2697

EXHIBIT "A"



# INVOICE

**KWM Electronics Corporation**
7172 South Airport Road – West Jordan, Utah 84084-7803
Tel: (801)566-6906  Fax: (801)566-6924

**Inv. Number:**
**Packing List #:**
**Inv. Date:**

**Sold To:** GlobalNet Energy Investors, Inc.
1840 Hutton Dr., Suite 130
Carrollton, TX  75006

**Ship To:** GlobalNet Energy Investors, Inc.
1840 Hutton Dr., Suite 130
Carrollton, TX  75006

| Customer P.O. | Ship Via | FOB | Sales Rep | Sales Order ID | Terms |
|---|---|---|---|---|---|
| | Road | | | | Advance Payment |

| Ordered | Shipped | Part ID | Description | Unit Price | Ext. Price |
|---|---|---|---|---|---|
| 750 | 208/480V | 11050-00-11052-00 | Motor Master Plus | $175.00 | $131,250.00 |
| 850 | 120/277V | 11056-00-11058-00 | Light Master Plus | $85.00 | $72,250.00 |
| 320 | | 11054-00 | Daughter Board | $45.00 | $14,400.00 |
| 300 | 5 Wire | | Pigtails | $9.50 | $2,850.00 |
| 300 | 4Wire | | Pigtails | $9.50 | $2,850.00 |

**SUB TOTAL**        $223,600.00

**Total Amount Due:**        $223,600.00

KWM DISCLAIMS ALL IMPLIED AND EXPRESSED WARRANTIES, INCLUDING THE WARRANTY OF MERCHANTABILITY, OTHER THAN THOSE ENTERED INTO IN WRITING. KWM's liability for any product defect or malfunction shall be limited to replacement of the KWM provided part(s). A finance charge of 1.5% per month will be assessed on all balances past due 30 days.

**\*Money Received in Advance – January 2004**

**\*Delivery on Completion of Build**