FILED
U.S. DISTRICT COURT

IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

2006 FEB -7 P 2:10

DISTRICT OF UTAH

BY: _____
DEPUTY CLERK

| | |
|---|---|
| HOST AMERICA CORPORATION, a Connecticut corporation and GLOBALNET ENERGY INVESTORS, INC., a Texas corporation,<br><br>     Plaintiffs,<br><br>vs.<br><br>COASTLINE FINANCIAL, INC., an Arizona corporation,<br><br>     Defendant. | ORDER AND MEMORANDUM DECISION DENYING PLAINTIFFS' MOTION TO STAY PROCEEDINGS<br><br><br><br>Case No. 2:04-CV-879 |

This matter is before the court on Plaintiffs' Motion to Stay Proceedings. Plaintiffs request a stay of these proceedings pending the outcome of Host America Corp. v. Coastline Financial, Inc., Civil No. 2:06-cv-5, a lawsuit involving the same parties that was filed after the commencement of the above-captioned matter. The court concludes that no benefit will be gained by staying these proceedings and that prejudice may result if a stay is granted.

Granting a stay of proceedings lies within the discretion of the court. See Reed v. Bennett, 312 F.3d 1190, 1193 n. 1 (10th Cir. 2002). Plaintiffs have presented no argument that persuades this court to delay its ruling in this matter. This case has been tried and proposed findings of fact and conclusions of law have been submitted. All that remains is the issuance of the court's decision. A stay of proceedings at this point will not save time or money and may

result in prejudice. See Ben Ezra, Weinstein, & Co. v. Am. Online, Inc., 206 F.3d 980, 987 (10th Cir. 2000) ("When applying for a stay, a party must demonstrate a clear case of hardship or inequity if even a fair possibility exists that the stay would damage another party." (internal quotation omitted)). Further, the court notes that the legal issues raised in this case vary from those at issue in the more recently filed dispute. This case centers on ownership of goods, the other centers on the priority of competing security interests. Although the outcome of the more recently filed case may ultimately effect which party is entitled to the collateral in question, the court sees no compelling reason to postpone the resolution of the issues raised and already fully tried in this case.

For the foregoing reasons, Plaintiffs' Motion to Stay Proceedings is DENIED.

SO ORDERED this 7 day of February, 2006.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL

United States District Judge